United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Luis Miguel Cabrera,<br>Defendant. | )<br>)<br>)<br>)<br>)  Criminal Case No. 14-208923-CR-<br>)  Scola<br>)<br>)<br>) |

**Order Denying Motion for Compassionate Release**

  This matter is before the Court upon Defendant Luis Miguel Cabrera's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Court **denies** the Defendant's motion (**ECF No. 319**).

  On May 11, 2015, Cabrera pleaded guilty to (1) a drug conspiracy involving more than 500 grams of cocaine; and (2) possession of a firearm in furtherance of a drug trafficking crime. (Gov't's Resp., ECF No. 319, 1–2.) According to Cabrera's Presentence Investigation Report, in addition to the offenses in this case, Cabrera had nineteen prior adult criminal convictions, which included felony convictions for cocaine, carrying a concealed firearm, and aggravated assault with a firearm. (Gov't's Resp. at 2.) On July 22, 2015, Cabrera was sentenced to sixty months, the mandatory minimum for the drug-conspiracy count, consecutive to another sixty months, the mandatory minimum for the firearm count. (Gov't's Resp. at 3.) Cabrera has now served about 75 months of his 120-month sentence—approximately 63%—and is scheduled to be released on June 24, 2023. (*Id.*)

  The government does not dispute that Cabrera exhausted his administrative remedies. Nonetheless, as set forth below, the Court finds that release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not appropriate in this case. Under the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." § 1B1.13. If the Court concludes extraordinary and compelling reasons warrant a reduction, the Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for

compassionate release, the Court must, as threshold determination, find extraordinary and compelling reasons support Cabrera's release.

The Court notes at the outset that Cabrera is 44 years old and, at the time of sentencing, suffered from no significant medical conditions and was not on any medications. (Gov't's Resp. at 3.) Since his sentencing, Cabrera's weight has increased from 166 to 190 pounds, resulting in a body-mass index of 31.5, rendering him obese under the relevant guidelines. (*Id.*) Cabrera also appears to have developed benign essential hypertension, for which he receives medication and has been counseled on the importance of a healthy diet and exercise. (*Id.*) And, as the government concedes, the Centers for Disease Control and Prevention has identified obesity as increasing the risk of severe illness from COVID-19 and hypertension as a chronic condition that might increase the risk of severe illness from COVID-19. In his motion for compassionate release, though, Cabrera makes no claims nor provides any documentation that his health is currently in decline, much less due to COVID-19. Simply put, Cabrera has failed to meet his burden of showing that he would be safer from COVID-19 upon being released, as opposed in BOP custody, where he continues to receive medication and counseling for his medical conditions. Additionally, currently, in Cabrera's facility, there are no reported inmates with positive tests for COVID-19 and, to date, 108 inmates have already been vaccinated.

In light of Cabrera's age and lack of severe medical conditions, coupled with the likelihood of his receiving the vaccine very soon, the Court finds he has failed to establish extraordinary and compelling circumstances. *Cf. United States v. Oreste*, Case No. 14-cr-20349 (S.D. Fla. Apr. 6, 2020) (Scola, J.) (granting compassionate release for the Defendant with end-stage renal failure, heart failure, diabetes, and a history of respiratory illnesses after he completed 60% of his sentence). Because Cabrera has failed to establish extraordinary and compelling circumstances, the Court need not address the § 18 U.S.C. 3553(a) factors or whether his release would pose a danger to the community.

Accordingly, the Court **denies** Cabrera's motion for compassionate release (**ECF No. 317**).

**Done and ordered** at Miami, Florida, on March 29, 2021.

_____
Robert N. Scola, Jr.
United States District Judge